# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40978
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 19, 2015
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        Plaintiff-Appellee

v.

ADAM LEE GOMEZ,

        Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-983-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

    Adam Lee Gomez was convicted of possession with intent to distribute 1.72 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and was sentenced to ten months of imprisonment and two years of supervised release. His most recent supervised release term began on January 10, 2014. The district court found that Gomez had committed the allegations in the revocation petition regarding, inter alia, the new crime violations of sexual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assault, felony assault, and terroristic threats based on Government exhibit 1, the police report. The district court revoked Gomez's supervised release and sentenced him to two years of imprisonment and no further supervision. The district court also ordered that the term of imprisonment was to run consecutively to any term of imprisonment imposed for the sexual assault and terroristic threats in state court.

Gomez argues that the district court plainly and reversibly erred when it determined that he had committed Class A violations of his supervised release based upon the alleged victim's out-of-court statements, without finding that good cause existed to deny confrontation. The Government argues that Gomez waived the right to challenge the district court's consideration of the sexual assault victim's statement in the police report, and thus, the issue is not reviewable.

"Waiver and forfeiture are two different means by which a defendant may react to an error by the government or the district court in the proceedings in his case." *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation omitted). A claim that is waived is "entirely unreviewable, unlike forfeited errors, which are reviewable for plain error." *See United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir.1995).

A defendant in a revocation hearing has a qualified right under the Due Process Clause to confront and cross-examine adverse witnesses, which may be disallowed upon a finding of good cause. *United States v. Grandlund,* 71 F.3d 507, 510 (5th Cir. 1996). "[C]ounsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the

admission of evidence, so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." *United States v. Stephens,* 609 F.2d 230, 232-33 (5th Cir. 1980).

The district court did not make a finding of good cause because Gomez agreed, through his attorney, that Government exhibit 1, the police report, was admissible as to the alleged new crimes violations. This agreement amounted to an effective waiver of his right to confrontation. *See Stephens*, 609 F.2d at 232-33 (holding that counsel's stipulation to admission of evidence waived defendant's constitutional right to confront the source of the evidence); *see also United States v. Reveles,* 190 F.3d 678, 683 (5th Cir. 1999) (holding that defendant waived his right to confrontation when he agreed to the admission of statement by co-defendant). *United States v. Burnett,* 537 F. App'x 299, 303 (5th Cir. 2012), cited by Gomez, is distinguishable because it involved a lack of objection - a forfeiture, not a waiver. If a defendant can waive his Sixth Amendment right to confrontation, he can also waive his due process right to a good cause determination concerning his qualified right to confrontation. *See United States v. Hodges,* 460 F.3d 646, 650-51 (5th Cir. 2006). Gomez makes no argument challenging counsel's decision on the basis that it was not a legitimate trial tactic or strategy. We need not speculate about the intentions of counsel when the defendant does not call those intentions into question. *See Reveles*, 190 F.3d at 683 n.6.

AFFIRMED.